# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| JAMES REILLY,<br><br>      Plaintiff,<br><br>v.<br><br>SHALIS M. LARSEN,<br><br>      Petitioner,<br><br>DAN ROCK,<br><br>      Petitioner,<br><br>VIVINT SOLAR,<br><br>      Defendant. | **ORDER ON MOTION TO STAY**<br><br>**CIVIL ACTION: 2:19-mc-00166-CW-DBP** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES REILLY,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**VIVINT SOLAR,**<br><br>      **Defendant.** | **CIVIL ACTION: 1:18-cv-12356-NLH-JS** |

This matter was referred to Magistrate Judge Pead pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Judge Clark Waddoups. (ECF No. 3.) Before the Court is Petitioner Shalis M. Larsen's Motion to Stay ("Motion"). (ECF No. 15.) The matters have been fully briefed.

The court has carefully reviewed the moving papers submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motions on the basis of the written papers.  *See* DUCivR 7-1(f).  For the reason set forth herein, the court DENIES the Motion.

The corpus of litigation in this matter is located in New Jersey.  This court has been involved for the limited purpose of addressing requests to quash deposition subpoenas for individuals who reside in Utah.  This court ordered ("Deposition Order") that Ms. Larsen shall submit to a deposition to answer questions about her investigation into the claims that Mr. Reilly's signature was improperly used by Vivint on various forms and to pull credit on a solar panel project.  (ECF No. 14.)  Ms. Larsen timely objected to the Deposition Order.  (ECF No. 16.)

Currently, Ms. Larsen requests that this court stay the requirements of the Deposition Order until District Judge Waddoups issues a ruling on her objection.  *See* Motion at 2.  When applying for a stay, a party must demonstrate "a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."  *Span–Eng Assocs. v. Weidner,* 771 F.2d 464, 468 (10th Cir. 1985) (internal quotations omitted).  Instead of demonstrating a "clear case of hardship or inequity", Ms. Larsen side-steps this requirement by invoking Fed. R. Civ. P. 6(b), which states that "[w]hen an act may or must be done within a specific time, the court may for good cause, extend the time . . .if a request is made, before the original time or its extension expires . . . ."  Rule 6, however, is inapplicable because this court did not specify a date certain for Ms. Larsen to be deposed.  (ECF No. 16.)  The court left that decision up to the parties because this court is ill-informed about the discovery deadlines that are in place due to rulings

issued in the New Jersey action.

Consequently, Ms. Larsen falls short of establishing any claim of hardship or inequity should she participate in a deposition, sooner rather than later, regarding facts about her investigation. It is not the court's job to concoct a claim of hardship or inequity for a fact witness. Therefore, based upon the foregoing, the Motion is DENIED.

SO ORDERED this 18th day of June, 2019.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge